UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

January 8, 2019

## LETTER MEMORANDUM

Re:   *Cruz v. New Jersey Transit Corporation, et al.*
      **Civil Action No. 16-8335 (ES) (JAD)**

Dear Counsel:

On April 30, 2018, Plaintiff Jose Cruz ("Plaintiff") filed an amended complaint. (*See* D.E. No. 36). The Amended Complaint contains four counts, and Plaintiff asserts all four counts against Defendants Omi Devers ("Devers") and Johnny Sanchez ("Sanchez"). (*Id.* ¶¶ 30-61). On December 28, 2018, Plaintiff's counsel and counsel for Defendants Devers and Sanchez filed a stipulation of dismissal "agree[ing] that Counts One, Two and Three of Plaintiff's Amended Complaint are hereby dismissed without costs against any party, as to the defendants, Officer Devers and Officer Johnny Sanchez." (D.E. No. 46).

For docket management purposes, this Court informs the parties that the filed stipulation of dismissal is not legally effective, as it does not include Count Four.[1] Persuasive authority from every circuit indicates that Federal Rule of Civil Procedure 41(a), which governs stipulations of dismissal, is not an available procedural mechanism for dismissing fewer than all claims against a particular defendant. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010); *Gobbo Farms & Orchards v. Poole Chem. Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987); *United States v. Outboard Marine Corp.*, 104 F.R.D. 405, 414 (N.D. Ill. 1984), *aff'd*, 789 F.2d 497 (7th Cir. 1986); *Mgmt. Inv'rs v. United Mine Workers of Am.*, 610 F.2d 384, 394-95 (6th Cir. 1979); *Robbins v. City of N.Y.*, 254 F. Supp. 3d 434, 436-37 (E.D.N.Y. 2017); *Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 5 (D. Mass. 1993); *Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1184, 1189 (W.D. Mo. 1993); *Chase Fed. Bank v. Am. Bankers Ins. Co. of Fla.*, No. 88-501-CIV-5-H, 1992 WL 55474, at *2 (E.D.N.C. Jan. 23, 1992); *Commc'ns Workers of Am. v. AT&T Info. Sys., Inc.*, No. 89-8150, 1991 WL 170841, at *7 (E.D. Pa. Aug. 30, 1991) (citing *Smith, Kline, & French Labs. v. A.H. Robins Co.*, 61 F.R.D. 24, 28-29 (E.D. Pa. 1973)); *see also* 8 MOORE'S FEDERAL PRACTICE – CIVIL CHAPTER § 41.21.

---

[1]   *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases.").

*s/Esther Salas*
**Esther Salas, U.S.D.J.**